Filed 4/29/15  Bush v. Loiacono CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| WILLIAM BUSH et al., | D065979 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2011-00070075-CU-OR-EC) |
| ANDREW LOIACONO et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Reversed in part and remanded with directions.

Miller Johnson Law, Jon B. Miller and Scott A. Johnson for Defendants and Appellants.

James S. Marinos for Plaintiffs and Respondents.

Defendants Andrew Loiacono and Linda Mitrovich (together, defendants) appeal from a postjudgment order denying their motion to tax $14,005.22 in expert fees claimed by plaintiffs William Bush and Marina Bush (together, plaintiffs) pursuant to Code of

Civil Procedure section 998.[1]  They contend in pertinent part that the trial court erred in finding that plaintiffs' unapportioned section 998 settlement offer, made to them jointly, was valid.  Plaintiffs respond that defendants are barred from contesting the issue of their joint and several liability because they did not separately appeal from the underlying judgment.

We conclude that at the time plaintiffs made their section 998 offer, the allegations of their complaint did not establish that the defendants' liability was joint and several and thus plaintiffs' unapportioned settlement offer to both defendants jointly was invalid.  Accordingly, we reverse the trial court's award of expert fees pursuant to section 998.[2]

FACTUAL AND PROCEDURAL HISTORY[3]

Plaintiffs and defendants owned adjacent properties and disputed the legitimacy of an easement that plaintiffs claimed was critical to the use and enjoyment of their residential property.  The plaintiffs' operative complaint alleged causes of action against defendants for trespass, nuisance, negligence, intentional infliction of emotional distress, assault, and slander of title.  Plaintiffs also sought to quiet title, an easement by prescription, by implication or by necessity, and preliminary and permanent injunctive

---

[1]     All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2]     Based on this conclusion, we need not reach defendants' other appellate contentions.

[3]     Plaintiffs' unopposed request for judicial notice of two superior court minute orders and a letter is granted.

2

relief. Defendant Loiacono filed a cross-complaint against plaintiffs for trespass, declaratory relief, and adverse possession.

Plaintiffs subsequently served on defendants a section 998 offer to compromise the parties' dispute. The offer was addressed to both defendants and required that (1) an easement be granted as defined in plaintiffs' complaint, (2) defendants take down their fencing and fence posts encroaching on the easement, (3) Loiacono's cross-complaint be dismissed with prejudice, (4) defendants pay plaintiffs $17,000 in damages, and (5) each party bear its own costs. Defendants rejected the offer.

After a bench trial, the court found defendants liable for trespass and awarded plaintiffs $7,500 in damages. It also granted plaintiffs an equitable easement as recommended by their expert surveyor. Plaintiffs subsequently submitted a memorandum of costs seeking, among other items, $14,005.22 in expert fees pursuant to section 998. Defendants filed a motion to tax costs, which the trial court denied as to the expert fees. Defendants appeal.

## DISCUSSION

A. *Defendant's Ability To Challenge the Ruling on the Motion To Tax Costs*

Plaintiffs contend defendants are barred, based on principles of res judicata and law of the case, from asserting that the unapportioned section 998 offer was invalid because defendants did not separately appeal from the judgment establishing that their liability was joint and several. However, for the purpose of evaluating the validity of an unapportioned section 998 offer, a defendant's liability is determined from the allegations of the pleadings *at the time the offer was made*. (See, e.g., *Burch v. Children's Hospital*

3

*of Orange County Thrift Stores, Inc.* (2003) 109 Cal.App.4th 537, 548-551 (*Burch*) [finding that because the allegations of the complaint at the time plaintiff's section 998 offer was made did not unequivocally establish the defendants' joint and several liability, plaintiff's unapportioned section 998 offer was invalid, even though defendants later admitted joint and several liability].) The fact that the judgment in this case may have established the defendants' liability as joint and several is thus irrevelant. Accordingly, we reject plaintiffs' contention that the judgment precludes defendants' current challenge to the validity of the section 998 offer.

B. *The Validity of the Section 998 Offer*

"Section 998 provides for a reallocation of allowable costs when a party rejects an offer to compromise, and the offering party subsequently obtains a more favorable judgment." (*Steinfeld v. Foote-Goldman Proctologic Medical Group, Inc.* (1996) 50 Cal.App.4th 1542, 1546 (*Steinfeld*).) Subdivision (d) of section 998 provides in relevant part: "If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment . . . , the court . . . in its discretion may require the defendant to pay a reasonable sum to cover postoffer costs of the services of expert witnesses . . . ." "The purpose of section 998 is to encourage the settlement of lawsuits before trial by penalizing a party who fails to accept a reasonable offer from the other party." (*Taing v. Johnson Scaffolding Co.* (1992) 9 Cal.App.4th 579, 583 (*Taing*).)

"[A] section 998 offer made to multiple parties is valid only if it is expressly apportioned among them and not conditioned on acceptance by all of them." (*Burch, supra,* 109 Cal.App.4th at p. 544.) This is because an unapportioned offer made to

4

multiple defendants would require the concurrence of all codefendants and thus place each of them at the mercy of other codefendants whose refusal to settle may be unreasonable. (*Taing, supra,* 9 Cal.App.4th at p. 584.) Thus, to be effective for purposes of section 998, an offer must be sufficiently specfic to permit an individual defendant to evaluate and make a reasoned decision whether to accept it, without the additional burden of obtaining the acceptance of codefendants or suffering their refusal to settle. (*Id.* at p. 585.) Where, as here, each defendant is jointly liable for a plaintiff's economic damages, but only severally liable for noneconomic damages in proportion to that defendant's degree of wrongdoing, an unapportioned section 998 offer made to multiple defendants jointly is invalid.[4]

In the instant case, the record shows that in upholding the validity of the section 998 offer and awarding plaintiffs' expert fees, the trial judge found that "defendants were both owners of the property, and would have been jointly liable for the trespass." However, as discussed *ante*, the defendants' joint liability was determined after trial and thus has no bearing on the offer's validity. (See *Burch, supra,* 109 Cal.App.4th at pp. 547-548.)

---

[4]    This limitation on joint liability for noneconomic damages is established by Proposition 51, which provides "[i]n any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault . . . ." (Civ. Code, § 1431.2, subd. (a).) It defines noneconomic damages as "subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation." (Civ. Code, § 1431.2, subd. (b)(2).)

The validity of a section 998 offer is evaluated at the time the offer is served. (See *Burch, supra,* 109 Cal.App.4th at p. 548.) Furthermore, to objectively determine whether defendants could have been found to be jointly and severally liable, we must consider the complaint and defendants' answers as of the date of service of the section 998 offer. (*Ibid.*) At the time plaintiffs' made their section 998 offer to defendants in this case, defendants were potentially liable to plaintiffs on several theories of recovery. Hence, the question before this court is whether defendants had any potential liablity for the noneconomic damages sought in the complaint that was several but not joint.

Plaintiffs contend defendants were jointly and severally liable because Proposition 51 does not apply to joint tortfeasors who act in concert to cause a plaintiff harm. Indeed, Proposition 51 does not preclude holding defendants jointly and severally liable for noneconomic damages if they embark on a joint enterprise to commit an intentional tort. (*Kesmodel v. Rand* (2004) 119 Cal.App.4th 1128, 1143-1145 (*Kesmodel*) [holding that a defendant could be jointly and severally liable for noneconomic damages arising out of false imprisonment in which she was a coconspirator and an aider and abettor].)

In the instant case, the complaint alleged that defendant Mitrovich appeared to periodically aid and abet defendant Loiacono in acts of tortious and aggravated misconduct against plaintiffs and that she acted as an owner of, and appeared to exert certain control over, the defendants' property. "Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and give substantial assistance or encouragement to the other to so act or (b) gives substantial assistant to the other in accomplishing a

6

tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." (*Kesmodel, supra,* 119 Cal.App.4th at p. 1141.) Moreover, an aider and abettor's liability for intentional torts is not subject to apportionment under Proposition 51. (*Kesmodel, supra,* 119 Cal.App.4th at p. 1143 [recognizing that "where the substantive law makes each joint actor liable for the act of each other joint actor in causing a plaintiff's indivisible injury . . . the rule of joint and several liability is not abrogated by the provisions of Proposition 51"].)

Here, even if the complaint pleaded sufficient facts that could have led a trier of fact to conclude that Mitrovich aided and abetted Loiacono in committing the intentional torts of trespass, nuisance, slander and assault making them jointly and severally liable for those claims, Mitrovich could only have been held severally liable for plaintiffs' negligence claim. (See, e.g., *Taing, supra,* 9 Cal.App.4th at p. 584; cf. *Steinfeld, supra,* 50 Cal.App.4th at p. 1549.) Moreoever, as the complaint did not name Mitrovich as a defendant to the intentional infliction of emotional distress claim, her liability for any noneconomic damages as to that claim was likewise several, but not joint. (See *Textron Financial Corp. v. National Union Fire Ins. Co.* (2004) 118 Cal.App.4th 1061, 1076-1077 [where the plaintiff sued an insurer and its claims adjuster for fraud and the evidence relating to each defendant's liability for fraud was separate, their liability to plaintiff was not joint and several and the trial court did not err in denying the plaintiff expert fees pursuant to section 998].)

The allegations of the complaint thus established that the defendants' liability was not joint and several as to all of plaintiffs' claims at the time the plaintiffs made their

7

section 998 offer. Because the section 998 offer was unapportioned, it did not permit either defendant to independently assess his or her own liability or to determine the exact amount that plaintiffs sought from each of them individually. Therefore, the section 998 offer was invalid. As such, the trial judge erred in awarding plaintiffs their expert fees under section 998.

## DISPOSITION

The superior court's order denying defendants' motion to tax plaintiffs' expert fees is reversed and the matter is remanded with directions for the superior court to enter an order granting the motion to tax in that respect. In all other respects, the order is affirmed. Defendants are awarded their costs of appeal.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

8